UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Brent M. Porter
Mary M. Salstrom

    v.                                                        Civil No. 07-cv-28-PB

Dartmouth College

**O R D E R**

Defendant moves to strike three of plaintiffs' expert designations as untimely.

### BACKGROUND

Plaintiffs' decedent child was a Dartmouth College student who received devastating and eventually fatal injuries during a Dartmouth physical education ski class.  Plaintiffs have identified four expert witnesses and submitted reports.  Defendant seeks to preclude plaintiffs from using three of their experts at trial because they were not disclosed timely.  Plaintiffs' counsel argues that the disclosure and reports were timely made.

**ANALYSIS**

1. Rule 26(a)(2)

Rule 26(a)(2) requires parties to disclose the identity of and serve a report from retained experts. Rule 26(a)(2) requires disclosure at the times ordered by the court. In this case, the court has issued several discovery orders.

The first "Scheduling Order" (document no. 17) was entered on June 8, 2007 and provided in part:

**EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

| | |
|---|---|
| Plaintiffs: | **March 1, 2008** |
| Defendant: | **May 1, 2008** |
| Plaintiffs' Supplementation: | **June 1, 2008** |
| Defendant's Supplementation: | **July 1, 2008** |

**CHALLENGES TO EXPERT TESTIMONY:**

**August 1, 2008**

Defendant served a timely report on May 1, 2008, but plaintiffs failed to even identify experts by March 1st.

Over defendant's objection, I granted plaintiffs' motion to extend scheduling order dates (document no. 27) on May 27, 2008. Plaintiffs were obligated by that order to serve expert reports by July 1, 2008 and to provide any Supplementations by October 1, 2008. Plaintiffs served the expert report of a liability expert,

2

Stanley Gale.  After some quarreling about whether Mr. Gale needed to see the Dartmouth Skiway in winter conditions before he finally supplemented his report, the parties assented to extend discovery in part to allow "Plaintiffs to serve supplementation by February 1, 2009."  Assented to Motion to Continue and Extend Deadlines (document no. 32.).

On October 8, 2008, plaintiffs served reports from two previously unidentified experts:

    a.    Douglas S. Cohen, M.D., who has opined that decedent died as a result of her brain injuries; and

    b.    Sylvie Cover, an art teacher and artist who has opined about decedent's lost artistic career.

When defense counsel protested, plaintiffs' counsel replied that "our interpretation of supplementation in the Scheduling Orders throughout is that the parties would be able to put in supplemental reports on other issues."  Affid. Quarles, (document no. 33-2) Exh. A.

Five weeks later, on November 17, 2008, plaintiffs' counsel emailed the report of a new expert on lost earning capacity.

Plaintiffs' counsel has argued that the "supplementations" deadline meant supplementing with additional experts, not just supplementing the reports of already disclosed experts.  This

argument is not only disingenuous but frivolous.  Rule 26(e)(2) makes it clear that the supplementation is for information included in the report and information given at the expert's deposition.  Supplementation is to be made when a party learns that the expert's report is "incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Federal Rules of Civil Procedure 26(e)(1).

The disclosures of October 8th and November 17th were not timely as "supplementation" within the scheduling order. Plaintiffs' counsel's arguments to the contrary do not pass the "straight face" test and are frivolous.

2. Rule 37(c)(1)

Rule 37(c)(1) provides in pertinent part that

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 27(e)(1) or to amend a prior response to discovery as required by Rule 26(a)(2) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court on motion and an opportunity to be heard, may impose other appropriate sanctions . . ..

Under First Circuit law, mandatory preclusion of the undisclosed information is the sanction called for in the ordinary case. Klonoski v. Mahlab, 156 F. 3d 255, 269 (1st Cir.

4

1998).

> Still, preclusion is not a strictly mechanical exercise; district courts have some discretion in deciding whether or not to impose that onerous sanction. See, e.g. Jackson v. Harvard Univ., 900 F. 2d 464, 468-69 (1st Cir. 1990). In passing upon a district court's decision to order preclusion, an appellate court should consider an array of factors, including "the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure; and the opponent's ability to overcome its adverse effects." Macaulay, 321 F. 3d at 51.

Santiago-Diaz v. Laoratorio Clinìco y De Referencia Del Este and Sara Lopez, M.D., 456 F. 3d 272, 276-77 (1st Cir. 2006).

The First Circuit has upheld the preclusion of a medical malpractice expert disclosed one week before trial and an expert disclosed three months after the discovery deadline. See La Place - Bayard v. Battle, 295 F.3d 157 (1st Cir. 2002); Primus v. United States, 389 F.3d 231 (1st Cir. 2004). District courts have broad discretion in imposing Rule 37(c) sanctions. Preclusion is mandated ". . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(a). The Rule permits lesser sanctions. Each expert disclosure must be considered.

    3.   The Expert Disclosures

       a.   Douglas S. Cohen, M.D.

Paragraphs 29 and 30 of plaintiffs' complaint allege that

the head injury incurred in the ski class caused extensive medical care and ultimately caused decedent's death.  Defendant's answer to those paragraphs was that it was without sufficient information to admit or deny the allegations and therefore denied them.  Defendant has persisted in that answer.  The opinion of Dr. Cohen is critical to proving the allegations.

Plaintiffs' justification for the delay in disclosing Dr. Cohen and his report is that Dartmouth and Dartmouth Hitchcock refused to provide decedent's medical records until they were subpoenaed.  Defendant points out that the document request was first made on August 7, 2008, thirty-eight days <u>after</u> expert disclosures were due and six months after defendant told plaintiffs' counsel that Dartmouth had no identity or control over Dartmouth Hitchcock Medical Center.  Defendant also points out that Dr. Cohen prepared his report on September 2, 2008, two days prior to the subpoena.  It is clear that counsel for the plaintiffs have no honest justification for missing the deadline.  Whether counsel's failure is due to incompetence or negligence, the failure in a wrongful death case is shocking.  This fake justification and ridiculous position on supplementation leave plaintiffs' counsel with no credibility with me.

Despite the lack of justification, the plaintiffs do not

deserve to add the loss of this crucial witness to the loss of their daughter because of the malpractice of their lawyers. Dartmouth is not harmed by the late disclosure. The trial is not until October 6, 2009. Assuming Dartmouth can actually find a credible physician to express opinions contrary to Dr. Cohen and/or the death certificate, it is granted two months in which to do so.[1] In addition, as a sanction, Dartmouth is given two months in which to depose Dr. Cohen and plaintiffs' counsel are ordered to personally pay any expert fee for that deposition, the legal fee and expenses of one defense lawyer for the deposition and the stenographic fee.

    b.  <u>Sylvie Covey and David Stein</u>

Ms. Covey's opinions relate to her evaluation of decedent's art work and likelihood of future commercial success as an artist. Dr. Stein's opinion is an assessment of decedent's lost earning capacity assuming a career as an artist. Once again counsel have no credible justification for failing to timely disclose these experts. Other than to lose the benefit of counsel's negligence, Dartmouth can point to no harm other than the cost to depose the experts and potentially prepare <u>Daubert</u>

---

[1] In its motion for summary judgment, defendant admits decedent died of her ski class injury.

motions.  The latter appear unlikely to be successful.  As a sanction, defendant may depose both experts at the personal expense of plaintiffs' counsel (expert fees, stenographic fees, legal fees and expense of one lawyer).  They may also have two months to get their own experts on these subjects.

The motion (document no. 33) is granted to the extent as set forth above.  In addition, plaintiffs' counsel are to personally pay the reasonable legal fees incurred by defendant in connection with this motion.  Defendant is to provide counsel with a detailed fee statement within ten (10) days.  Plaintiffs' counsel are to pay the statement or show cause why not within ten (10) days thereafter.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 8, 2009

cc:  Charles J. Raubicheck, Esq.
     K. William Clauson, Esq.
     Kevin Murphy, Esq.
     Bradford T. Atwood, Esq.
     Matthew R. Johnson, Esq.
     Thomas B.S. Quarles, Jr., Esq.