



3 of 300 DOCUMENTS

Restatement of the Law, Second, Contracts
Copyright (c) 1981, The American Law Institute

Case Citations

Rules and Principles

Chapter 1 - Meaning of Terms

Restat 2d of Contracts, § 2

§ 2 Promise; Promisor; Promisee; Beneficiary

**(1) A promise is a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made.**
**(2) The person manifesting the intention is the promisor.**
**(3) The person to whom the manifestation is addressed is the promisee.**
**(4) Where performance will benefit a person other than the promisee, that person is a beneficiary.**

**COMMENTS & ILLUSTRATIONS: Comment:**

   *a. Acts and resulting relations.* "Promise" as used in the Restatement of this Subject denotes the act of the promisor. If by virtue of other operative facts there is a legal duty to perform, the promise is a contract; but the word "promise" is not limited to acts having legal effect. Like "contract," however, the word "promise" is commonly and quite properly also used to refer to the complex of human relations which results from the promisor's words or acts of assurance, including the justified expectations of the promisee and any moral or legal duty which arises to make good the assurance by performance. The performance may be specified either in terms describing the action of the promisor or in terms of the result which that action or inaction is to bring about.

   *b. Manifestation of intention.* Many contract disputes arise because different people attach different meanings to the same words and conduct. The phrase "manifestation of intention" adopts an external or objective standard for interpreting conduct; it means the external expression of intention as distinguished from undisclosed intention. A promisor manifests an intention if he believes or has reason to believe that the promisee will infer that intention from his words or conduct. Rules governing cases where the promisee could reasonably draw more than one inference as to the promisor's intention are stated in connection with the acceptance of offers (see §§ 19 and 20), and the scope of contractual obligations (see §§ 201, 219).

   *c. Promise of action by third person; guaranty.* Words are often used which in terms promise action or inaction by a third person, or which promise a result obtainable only by such action. Such words are commonly understood as a promise of conduct by the promisor which will be sufficient to bring about the action or inaction or result, or to answer for harm caused by failure. An example is a guaranty that a third person will perform his promise. Such words constitute a promise as here defined only if they justify a promisee in an expectation of some action or inaction on the part of the promisor.

   *d. Promise of event beyond human control; warranty.* Words which in terms promise that an event not within

human control will occur may be interpreted to include a promise to answer for harm caused by the failure of the event to occur. An example is a warranty of an existing or past fact, such as a warranty that a horse is sound, or that a ship arrived in a foreign port some days previously. Such promises are often made when the parties are ignorant of the actual facts regarding which they bargain, and may be dealt with as if the warrantor could cause the fact to be as he asserted. It is then immaterial that the actual condition of affairs may be irrevocably fixed before the promise is made.

Words of warranty, like other conduct, must be interpreted in the light of the circumstances and the reasonable expectations of the parties. In an insurance contract, a "warranty" by the insured is usually not a promise at all; it may be merely a representation of fact, or, more commonly, the fact warranted is a condition of the insurer's duty to pay (see § 225(3)). In the sale of goods, on the other hand, a similar warranty normally also includes a promise to answer for damages (see Uniform Commercial Code § 2-715).

**Illustrations:**

1. A, the builder of a house, or the inventor of the material used in part of its construction, says to B, the owner of the house, "I warrant that this house will never burn down." This includes a promise to pay for harm if the house should burn down.

2. A, by a charter-party, undertakes that the "good ship Dove," having sailed from Marseilles a week ago for New York, shall take on a cargo for B on her arrival in New York. The statement of the quality of the ship and the statement of her time of sailing from Marseilles include promises to pay for harm if the statement is untrue.

*e. Illusory promises; mere statements of intention.* Words of promise which by their terms make performance entirely optional with the "promisor" whatever may happen, or whatever course of conduct in other respects he may pursue, do not constitute a promise. Although such words are often referred to as forming an illusory promise, they do not fall within the present definition of promise. They may not even manifest any intention on the part of the promisor. Even if a present intention is manifested, the reservation of an option to change that intention means that there can be no promisee who is justified in an expectation of performance.

On the other hand, a promise may be made even though no duty of performance can arise unless some event occurs (see §§ 224, 225(1)). Such a conditional promise is no less a promise because there is small likelihood that any duty of performance will arise, as in the case of a promise to insure against fire a thoroughly fireproof building. There may be a promise in such a case even though the duty to perform depends on a state of mind of the promisor other than his own unfettered wish (see § 228), or on an event within the promisor's control.

**Illustration:**

3. A says to B, "I will employ you for a year at a salary of $ 5,000 if I go into business." This is a promise, even though it is wholly optional with A to go into business or not.

*f. Opinions and predictions.* A promise must be distinguished from a statement of opinion or a mere prediction of future events. The distinction is not usually difficult in the case of an informal gratuitous opinion, since there is often no manifestation of intention to act or refrain from acting or to bring about a result, no expectation of performance and no consideration. The problem is frequently presented, however, whether words of a seller of goods amount to a warranty. Under Uniform Commercial Code § 2-313(2) a statement purporting to be merely the seller's opinion does not create a warranty, but the buyer's reliance on the seller's skill and judgment may create an implied warranty that the goods are fit for a particular purpose under Uniform Commercial Code § 2-315. In any case where an expert opinion is paid for, there is likely to be an implied promise that the expert will act with reasonable care and skill.

A promise often refers to future events which are predicted or assumed rather than promised. Thus a promise to render personal service at a particular future time commonly rests on an assumption that the promisor will be alive and well at that time; a promise to paint a building may similarly rest on an assumption that the building will be in

existence. Such cases are the subject of Chapter 11. The promisor may of course promise to answer for harm caused by the failure of the future event to occur; if he does not, such a failure may discharge any duty of performance.

**Illustration:**

4. A, on seeing a house of thoroughly fireproof construction, says to B, the owner, "This house will never burn down." This is not a promise but merely an opinion or prediction. If A had been paid for his opinion as an expert, there might be an implied promise that he would employ reasonable care and skill in forming and giving his opinion.

*g. Promisee and beneficiary.* The word promisee is used repeatedly in discussion of the law of contracts, and it cannot be avoided here. In common usage the promisee is the person to whom the promise is made; as promise is defined here, the promisee might be the person to whom the manifestation of the promisor's intention is communicated. In many situations, however, a promise is complete and binding before the communication is received (see, for example, §§ 63 and 104(1)). To cover such cases, the promisee is defined here as the addressee. As to agents or purported agents of the addressee, see § 52 Comment *c*.

In the usual situation the promisee also bears other relations to the promisor, and the word promisee is sometimes used to refer to one or more of those relations. Thus, in the simple case of a loan of money, the lender is not only the addressee of the promise but also the person to whom performance is to be rendered, the person who will receive economic benefit, the person who furnished the consideration, and the person to whom the legal duty of the promisor runs. As the word promisee is here defined, none of these relations is essential.

Contractual rights of persons not parties to the contract are the subject of Chapter 14. The promisor and promisee are the "parties" to a promise; a third person who will benefit from performance is a "beneficiary." A beneficiary may or may not have a legal right to performance; like "promisee", the term is neutral with respect to right and duties. A person who is entitled under the terms of a letter of credit to draw or demand payment is commonly called a beneficiary, but such a person is ordinarily a promisee under the present definition. See Uniform Commercial Code § 5-103.

**REPORTERS NOTES:** This Section substitutes the concept of a "manifestation of intention to act . . ." for the phrase used in former § 2(1): "an undertaking . . . that something shall happen. . . ." The older definition did not identify the essential characteristics of an undertaking. See Gardner, An Inquiry Into the Principles of Contracts, 46 Harv. L. Rev. 1, 5 (1932). The present definition of promise is based on 1 Corbin, Contracts § 13 (1963 & Supp. 1980). See also 1 id. § 15; 1 Williston, Contracts § 1A (3d ed. 1957). The definitions of "promisor," "promise" and "beneficiary" are new. Compare Gardner, Massachusetts Annotations, Restatement of Contracts, Chapter 6, at 64 (1935).

*Comment a.* See Coffman Industries, Inc. v. Gorman-Taber Co., 521 S.W.2d 763 (Mo. Ct. App. 1975); Farnsworth, The Past of Promise: An Historical Introduction to Contract, 69 Colum. L. Rev. 576 (1969).

*Comment d.* This Comment is based on former § 2(2). Illustrations 1 and 2 are based on Illustrations 2 and 3 to former § 2.

*Comment e.* See Pappas v. Bever, 219 N.W.2d 720 (Iowa 1974). Illustration 3 is based on Illustration 4 to former § 2.

*Comment f.* Illustration 4 is based on Illustration 1 to former § 2. More stringent liability for opinions and predictions may be created by statutes and administrative rules governing such areas as securities regulation, unfair trade practices and deceptive advertising. See also §§ 159-73 on misrepresentation, especially §§ 168-71.

**CROSS REFERENCES:** Digest System Key Numbers:

Contracts 15, 187

**Legal Topics:**

For related research and practice materials, see the following legal topics:
Contracts LawConsiderationEnforcement of PromisesGeneral Overview



Restatement of the Law, Second, Contracts
Copyright (c) 1981, The American Law Institute

Case Citations

Rules and Principles

Chapter 14 - Contract Beneficiaries

Restat 2d of Contracts, § 302

§ 302 Intended and Incidental Beneficiaries

**(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either**

    **(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or**

    **(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.**
**(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.**

**COMMENTS & ILLUSTRATIONS: Comment:**

    *a. Promisee and beneficiary.* This Section distinguishes an "intended" beneficiary, who acquires a right by virtue of a promise, from an "incidental" beneficiary, who does not. See §§ 304, 315. Section 2 defines "promisee" as the person to whom a promise is addressed, and "beneficiary" as a person other than the promisee who will be benefitted by performance of the promise. Both terms are neutral with respect to rights and duties: either or both or neither may have a legal right to performance. Either promisee or beneficiary may but need not be connected with the transaction in other ways: neither promisee nor beneficiary is necessarily the person to whom performance is to be rendered, the person who will receive economic benefit, or the person who furnished the consideration.

    *b. Promise to pay the promisee's debt.* The type of beneficiary covered by Subsection (1)(a) is often referred to as a "creditor beneficiary." In such cases the promisee is surety for the promisor, the promise is an asset of the promisee, and a direct action by beneficiary against promisor is normally appropriate to carry out the intention of promisor and promisee, even though no intention is manifested to give the beneficiary the benefit of the promised performance. Promise of a performance other than the payment of money may be governed by the same principle if the promisee's obligation is regarded as easily convertible into money, as in cases of obligations to deliver commodities or securities which are actively traded in organized markets. Less liquid obligations are left to Subsection (1)(b).

    A suretyship relation may exist even though the duty of the promisee is voidable or is unenforceable by reason of the statute of limitations, the Statute of Frauds, or a discharge in bankruptcy, and Subsection (1)(a) covers such cases. The term "creditor beneficiary" has also sometimes been used with reference to promises to satisfy a supposed or

asserted duty of the promisee, but there is no suretyship if the promisee has never been under any duty to the beneficiary. Hence such cases are not covered by Subsection (1)(a). The beneficiary of a promise to discharge a lien on the promisee's property, or of a promise to satisfy a duty of a third person, is similarly excluded from Subsection (1)(a). Such beneficiaries may, however, be "intended beneficiaries" under Subsection (1)(b).

**Illustrations:**

1. A owes C a debt of $ 100. The debt is barred by the statute of limitations or by a discharge in bankruptcy, or is unenforceable because of the Statute of Frauds. B promises A to pay the barred or unenforceable debt. C is an intended beneficiary under Subsection (1)(a).

2. B promises A to furnish support for A's minor child C, whom A is bound by law to support. C is an intended beneficiary under Subsection (1)(a).

3. B promises A to pay whatever debts A may incur in a certain undertaking. A incurs in the undertaking debts to C, D and E. If the promise is interpreted as a promise that B will pay C, D and E, they are intended beneficiaries under Subsection (1)(a); if the money is to be paid to A in order that he may be provided with money to pay C, D and E, they are at most incidental beneficiaries.

*c. Gift promise.* Where the promised performance is not paid for by the recipient, discharges no right that he has against anyone, and is apparently designed to benefit him, the promise is often referred to as a "gift promise." The beneficiary of such a promise is often referred to as a "donee beneficiary"; he is an intended beneficiary under Subsection (1)(b). The contract need not provide that performance is to be rendered directly to the beneficiary: a gift may be made to the beneficiary, for example, by payment of his debt. Nor is any contact or communication with the beneficiary essential.

**Illustrations:**

4. A, an insurance company, promises B in a policy of insurance to pay $ 10,000 on B's death to C, B's wife. C is an intended beneficiary under Subsection (1)(b).

5. C is a troublesome person who is annoying A. A dislikes him but, believing the best way to obtain freedom from annoyance is to make a present, secures from B a promise to give C a box of cigars. C is an intended beneficiary under Subsection (1)(b).

6. A's son C is indebted to D. With the purpose of assisting C, A secures from B a promise to pay the debt to D. Both C and D are intended beneficiaries under Subsection (1)(b).

7. A owes C $ 100 for money lent. B promises A to pay C $ 200, both as a discharge of the debt and as an indication of A's gratitude to C for making the loan. C is an intended beneficiary under Subsection (1)(a) as to the amount of the debt and under Subsection (1)(b) as to the excess.

8. A conveys land to B in consideration of B's promise to pay $ 15,000 as follows: $ 5,000 to C, A's wife, on whom A wishes to make a settlement, $ 5,000 to D to whom A is indebted in that amount, and $ 5,000 to E, a life insurance company, to purchase an annuity payable to A during his life. C is an intended beneficiary under Subsection (1)(b); D is an intended beneficiary under Subsection (1)(a); E is an incidental beneficiary.

9. A owes C $ 100. Not knowing of any such debt, B promises A to pay $ 100 to C. C is an intended beneficiary under Subsection (1)(a) if A manifests an intention that the payment is to satisfy the debt, an intended beneficiary under Subsection (1)(b) if A manifests an intention to make a gift of $ 100, leaving outstanding the original debt.

*d. Other intended beneficiaries.* Either a promise to pay the promisee's debt to a beneficiary or a gift promise

involves a manifestation of intention by the promisee and promisor sufficient, in a contractual setting, to make reliance by the beneficiary both reasonable and probable. Other cases may be quite similar in this respect. Examples are a promise to perform a supposed or asserted duty of the promisee, a promise to discharge a lien on the promisee's property, or a promise to satisfy the duty of a third person. In such cases, if the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him, he is an intended beneficiary. Where there is doubt whether such reliance would be reasonable, considerations of procedural convenience and other factors not strictly dependent on the manifested intention of the parties may affect the question whether under Subsection (1) recognition of a right in the beneficiary is appropriate. In some cases an overriding policy, which may be embodied in a statute, requires recognition of such a right without regard to the intention of the parties.

**Illustrations:**

10. A, the operator of a chicken processing and fertilizer plant, contracts with B, a municipality, to use B's sewage system. With the purpose of preventing harm to landowners downstream from its system, B obtains from A a promise to remove specified types of waste from its deposits into the system. C, a downstream landowner, is an intended beneficiary under Subsection (1)(b).

11. A, a corporation, contracts with B, an insurance company, that B shall pay to any future buyer of a car from A the loss he may suffer by the burning or theft of the car within one year after sale. Later A sells a car to C, telling C about the insurance. C is an intended beneficiary.

12. B contracts to build a house for A. Pursuant to the contract, B and his surety S execute a payment bond to A by which they promise A that all of B's debts for labor and materials on the house will be paid. B later employs C as a carpenter and buys lumber from D. C and D are intended beneficiaries of S's promise to A, whether or not they have power to create liens on the house.

13. C asserts that A owes him $ 100. A does not owe this money, or think that he owes it, but rather than engage in litigation and in order to obtain peace of mind A secures a promise from B to pay C $ 100. C is an intended beneficiary.

14. A, a labor union, enters into a collective bargaining agreement with B, an employer, in which B promises not to discriminate against any employee because of his membership in A. All B's employees who are members of A are intended beneficiaries of the promise.

15. A buys food from B, a grocer, for household use, relying on B's express warranty. C, A's minor child, is injured in person by breach of the warranty. Under Uniform Commercial Code § 2-318, without regard to the intention of A or B, the warranty extends to C.

*e. Incidental beneficiaries.* Performance of a contract will often benefit a third person. But unless the third person is an intended beneficiary as here defined, no duty to him is created. See § 315.

**Illustrations:**

16. B contracts with A to erect an expensive building on A's land. C's adjoining land would be enhanced in value by the performance of the contract. C is an incidental beneficiary.

17. B contracts with A to buy a new car manufactured by C. C is an incidental beneficiary, even though the promise can only be performed if money is paid to C.

18. A, a labor union, promises B, a trade association, not to strike against any member of B during a certain period. One of the members of B charters a ship from C on terms under which such a strike would cause financial loss to C. C is an incidental beneficiary of A's promise.

19. A contracts to erect a building for C. B then contracts with A to supply lumber needed for the building. C is an incidental beneficiary of B's promise, and B is an incidental beneficiary of C's promise to pay A for the building.

*f. Trust and agency.* Where money or property is transferred from one person to another with an intention to benefit a third person, the manifested intention of the parties determines whether the transferee is an agent for the transferor or the third person or a trustee for the third person or whether the third person is the beneficiary of a promise made by the transferee. See Restatement, Second, Agency §§ 14B, 14L; Restatement, Second, Trusts §§ 8, 14. Similarly, an agreement between two parties may constitute one the agent of the other to confer a benefit on a third person, or the promise of one may be made to the other as trustee for a third person, or a third person may be the beneficiary of a promise of either or both; the manifested intention of the parties determines which of these possible relations is created for the particular purpose involved. There is a fiduciary relation between agent and principal or between trustee and beneficiary, but not between promisor or promisee and beneficiary of a contract. Agency requires the consent of the principal and the agent; a trust or a contract for the benefit of a third person does not require the consent of the beneficiary. Either the promisee or the beneficiary of a promise may be made a trustee of rights arising by virtue of the promise; although the beneficiary of such a trust is a beneficiary of the promise under this Section, his rights must be enforced in accordance with the law of Trusts. See Restatement, Second, Trusts §§ 26, 177, 199.

**Illustration:**

20. A, an insurance company, promises B in a policy of insurance to pay $ 10,000 on B's death to C as trustee for B's wife D. C is an intended beneficiary and may enforce his rights as trustee; D's rights as beneficiary of the trust and the contract are enforceable only in the manner in which rights of other trust beneficiaries are enforced.

**REPORTERS NOTES:** The definition of "intended beneficiary" is new; it comprehends all those included as "donee" and "creditor" beneficiaries in former § 133. For the reasons stated in the Introductory Note to this Chapter, the terms "donee beneficiary" and "creditor beneficiary" are not used. In addition, the word "donee" was not entirely appropriate to the beneficiary of an executory gift promise; it was sometimes entirely inappropriate where "the purpose of the promisee," under Subsection (1)(a) of former § 133 was not "to make a gift" but "to confer a right." See Note, The Third Party Beneficiary Concept: A Proposal, 57 Colum. L. Rev. 406, 423-25 (1957). The new language in the preamble of Subsection (1) takes account of factors not dependent on intention, as stated in Comment *d*. Subsections (2) and (3) of former § 133 are deleted; Subsection (3) is replaced by Comment *f*.

See 2 Williston, Contracts §§ 347-56 (3d ed. 1959); 4 Corbin, Contracts §§ 772-81 (1951 & Supp. 1980).

The text of this Section (as § 133) was revised several times, and appeared in different forms in Tentative Draft No. 3 (1967), Tentative Draft No. 4 (1968) and the Revised and Edited version of Tentative Drafts Nos. 1-7 (1973). The 1973 text is identical to that shown here. Cases and articles discussing the text of the tentative drafts of this Section often are referring to earlier versions. See, e.g., Note, 27 Hastings L.J. 137, 144 (1975), quoting the text of Tentative Draft No. 4, but making no reference to the 1973 published version.

*Comment a.* For discussions of the parties' intention as a key factor in third party beneficiary contract analysis, see Note, Third Party Beneficiaries and the Intention Standard: A Search for Rational Contract Decision-Making, 54 Va. L. Rev. 1166 (1968); Note, Martinez v. Socoma Companies: Problems in Determining Contract Beneficiaries' Rights, 27 Hastings L.J. 137 (1975); Costanza v. Costanza, 346 So.2d 1133 (Ala. 1977). See also Jones, Legal Protection of Third Party Beneficiaries: On Opening Courthouse Doors, 46 U. Cinn. L. Rev. 313 (1977). A court in determining the parties' intention should consider the circumstances surrounding the transaction as well as the actual language of the contract. See Cutler v. Hartford Life Ins. Co., 22 N.Y.2d 245, 292 N.Y.S.2d 430, 239 N.E.2d 361 (1968) (citing the 1973 Tentative Draft of this Section and Comments); CF Indus. v. Transcontinental Gas Pipe Line Corp., 448 F. Supp. 475 (W.D.N.C. 1978); Gilbert Fin. Corp. v. Steelform Contracting Co., 82 Cal. App.3d 65, 145 Cal. Rptr. 448 (1978); Ross v. Imperial Constr. Co., 572 F.2d 518 (5th Cir. 1978); American Elec. Power Co. v. Westinghouse Elec. Corp., 418 F. Supp. 435 (S.D.N.Y. 1976). Republic Nat'l Bank v. National Bankers Life Ins. Co., 427 S.W.2d 76, 81 (Tex. Civ. App.

1968), ref. n.r.e., is a leading exponent of the view that a court should not go beyond "the four corners of [the] instrument." (See also American Elec. Power Co. v. Westinghouse Elec. Corp., supra, at 447, discussing the similar Pennsylvania rule.) Nonetheless, a later Texas case considered the surrounding circumstances at some length, Suthers v. Booker Hosp. Dist., 543 S.W.2d 723, 727-29 (Tex. Civ. App. 1976), ref. n.r.e.; in the dissent in that case, id. at 731, 733-34, Chief Justice Ellis also examined the circumstances, although he drew a different conclusion as to the parties' intentions. See also Texas Bank & Trust Co. v. Lone Star Life Ins. Co., 565 S.W.2d 353 (Tex. Civ. App. 1978), in which the court purported to apply the rule of Republic Nat'l Bank, supra, but examined the circumstances to see if a mortgage commitment letter was assignable. See also Comment d.

*Comment b.* Illustration 1 is based on Illustration 6 to former § 133. Illustration 2 is based on Illustration 8 to former § 133; contrast Spates v. Spates, 267 Md. 72, 296 A.2d 581 (1972). Illustration 3 is based on Illustration 9 to former § 133; see also Hurley v. Lano Int'l, Inc., 569 S.W.2d 602 (Tex. Civ. App. 1978), ref. n.r.e., citing this Illustration in Tentative Draft. On whether an interim lender is an intended beneficiary of a long term mortgage commitment (a "takeout" mortgage), see, e.g., Texas Bank & Trust Co. v. Lone Star Life Ins. Co., 565 S.W.2d 353 (Tex. Civ. App. 1978); Republic Nat'l Bank v. National Bankers Life Ins. Co., 427 S.W.2d 76 (Tex. Civ. App. 1968), ref. n.r.e.

*Comment c.* Illustration 4 is new. Illustration 5 is based on Illustration 2 to former § 133. Illustration 6 is new. Illustrations 7-9 are based on Illustrations 1, 5 and 7 to former § 133.

*Comment d.* Situations in which neither a debt analysis nor a gift analysis is satisfactory include the takeout mortgage commitment, discussed in the Reporter's Note to Comment *b*. The reliance analysis discussed in this Comment appears more useful, but would raise issues of the reasonableness and probability of the reliance by the interim lender. Since the interim lender may require a long term mortgage commitment before making the interim loan, a reliance analysis would appear to require a change in the result of the cases cited. This could be avoided by an express statement in the long term mortgage commitment letter disclaiming any intention to create third party beneficiary rights in interim lenders. On reliance, see Commercial Ins. Co. v. Pacific-Peru Constr. Corp., 558 F.2d 948 (9th Cir. 1977), citing this Comment in Tentative Draft; Note, 54 Va. L. Rev. 1166 (1968), supra. Cases in which there was an element of reasonable and probable reliance by a third party, but in which this factor was not discussed include Suthers v. Booker Hosp. Dist., 543 S.W.2d 723 (Tex. Civ. App. 1976), ref. n.r.e. (finding no third party beneficiary contract); and CF Indus. v. Transcontinental Gas Pipe Line Corp., 448 F. Supp. 475 (W.D.N.C. 1978) (finding that plaintiffs stated a claim as intended beneficiaries); cf. H. R. Moch Co. v. Rensselaer Water Co., 247 N.Y. 160, 159 N.E. 896 (1928).

Illustration 10 is based on Ratzlaff v. Franz Foods, 250 Ark. 1003, 468 S.W.2d 239 (1971). Illustrations 11-13 are based on Illustrations 3, 4 and 10 to former § 133. As to Illustration 12, see Ross v. Imperial Constr. Co., 572 F.2d 518 (5th Cir. 1978); Ceco Corp. v. Plaza Point, Inc., 573 S.W.2d 92 (Mo. Ct. App. 1978) (discussing both payment and performance bonds and citing this Comment in Tentative Draft); Town & Country Bank v. James M. Canfield Contracting Co., 55 Ill. App.3d 91, 12 Ill. Dec. 826, 370 N.E.2d 630 (1977) (discussing differing lines of authority). Illustration 14 is new and is suggested by Smith v. Evening News Ass'n, 371 U.S. 195 (1962); cf. Charles Dowd Box Co. v. Courtney, 368 U.S. 502 (1962). Illustration 15 is new; in Rhodes Pharmacal Co. v. Continental Can Co., 72 Ill. App.2d 362, 219 N.E.2d 726 (1966), it was held that Uniform Commercial Code § 2-318 did not exclude other seller's warranties to non-consumer third parties.

*Comment e.* Illustrations 16 and 17 are based on Illustrations 11 and 12 to former § 133. Illustration 18 is based on Isbrantsen Co. v. Local 1291, 204 F.2d 495 (3d Cir. 1953). Illustration 19 is based on Illustration 1 to former § 147.

*Comment f.* Illustration 20 is based on Illustration 13 to former § 133. On the status of an injured party under the tortfeasor's liability insurance policy, see Chitlik v. Allstate Ins. Co., 34 Ohio App.2d 193, 299 N.E.2d 295 (1973).

**CROSS REFERENCES:** ALR Annotations:

Third-party beneficiaries of warranties under UCC § 2-318. 100 A.L.R.3d 743.

Right of architect to compensation under contractual provision that fee is to be paid from construction loan funds. 92 A.L.R.3d 509.

Tenant's capacity to sue independent contractor, as third-party beneficiary, for breach of contract between landlord and such contractor for repair or remodeling work. 46 A.L.R.2d 1210.

Right of owner's employee, injured by subcontractor, to recover against general contractor for breach of contract between latter and owner requiring contractor and subcontractors to carry insurance. 22 A.L.R.2d 647.

Right of third person not named in bond or other contract conditioned for support of, or services to, another, to recover thereon. 11 A.L.R.2d 1010.

Digest System Key Numbers:

Contracts 177