## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
Christina Margaret Porter, et al.    \*
    Plaintiffs    \*
v.    \*    Civil No: 1:07-cv-28-JL
        \*
Dartmouth College, et al.    \*
    Defendants    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MOTION TO CONTINUE TRIAL AND ASSOCIATED DATES

NOW COMES the defendant, Dartmouth College, by and through its attorneys, Devine, Millimet & Branch, Professional Association, and respectfully submits this Motion to Continue Trial and Associated Dates and in support thereof states:

1.  This matter is presently scheduled for trial during the two-week period starting on February 2, 2010. Associated dates include December 30, 2009, the deadline for filing Pretrial Statements, Motions in Limine, etc.; January 13, 2010 for L.R. 16.2(d) Objections and a Final Pretrial Conference on January 20, 2010 at 10:00 a.m.

2.  This case was originally assigned to Judge Barbadoro but was reassigned to Judge Laplante on October 13, 2009. Defendant Dartmouth College is filing this Motion to Continue because the trial and associated dates are fast approaching and there are two significant motions pending before the Court that were pending at the time of the reassignment of the case from Judge Barbadoro to Judge Laplante. These motions are Dartmouth's Motion to Dismiss for Lack of Standing (Document No. 67) and Dartmouth's Motion to Strike Expert Testimony Pursuant to Court Order (Document No. 80).

3.  The pleadings in both motions are extensive with reply and sur-reply briefs. The Motion to Strike Expert Testimony concerns the plaintiff's liability expert, Stanley Gale, who has issued three expert reports in this case. The Motion to Strike was filed based on Judge

Barbadoro's Order of August 19, 2009 (Document No. 77) which denied without prejudice the Defendant's Motion in Limine to bar Mr. Gale's testimony stating that:

> Although many of the expert's opinions will likely be inadmissible at trial, I will be in a better position to address the admissibility of specific opinions during the trial rather than in a pretrial setting. Defendants' motion in limine (Doc. No. 45) is denied without prejudice.
>
> Defendants shall file a motion to strike any opinions that were not timely disclosed within ten days. Any remaining motions in limine addressing the expert's testimony may be re-filed with the final pretrial statements pursuant to Local Rule 16.2.

4. It is undisputed that Mr. Gale's initial expert report was due on July 1, 2008 and that he filed a report on that date. The subject of the pending Motion to Strike is Mr. Gale's two subsequent "supplemental" reports sent to defense counsel on October 8, 2008 and February 9, 2009. The defendant contends that all new claims of fault in those two subsequent reports "were not timely disclosed," as those claims were not contained in Mr. Gale's initial July 1, 2008 expert report and should be barred. The plaintiffs disagree. Mr. Gale's deposition is scheduled for December 18, 2009, so resolution of this motion as soon as possible is important to the defendant.

5. The other pending motion, Dartmouth's Motion to Dismiss for Lack of Standing raises issues that have been extensively briefed by the parties and are ready for resolution by this Court. Obviously, as it is a dispositive motion, the defendant desires an order on this motion from the Court as far in advance of trial as possible. Given the trial date of February 2, 2010, the defendant does not believe that this Court has sufficient time to review all of the pleadings concerning this Motion to Dismiss, deliberate and render a decision in advance of the February 2, 2010 trial date.

6. Therefore, the defendant seeks a continuance of the trial date so the Court can resolve both these pending motions in a deliberate and orderly fashion. In addition, reasons of

cost to the parties and judicial economy support the need for this trial continuance.

7. The plaintiffs do not consent to this motion.

8. Undersigned counsel certifies that defendant Dartmouth College has been notified of this request to continue the trial in this matter and that the defendant has assented thereto pursuant to L.R. 7.2(d).

WHEREFORE, for the reasons stated above, defendant Dartmouth College respectfully requests that this Court:

A. Grant this Motion to Continue Trial and the associated final pretrial statement deadline; L.R. 16.2(d) deadlines and final pretrial conference in this matter; and

B. Grant such other and further relief as may be equitable and just.

Respectfully submitted,

DARTMOUTH COLLEGE

By its attorneys,

DEVINE, MILLIMET & BRANCH, P.A.

Dated:  December 7, 2009          By:  _____/s/ Matthew R. Johnson_____
                                  Thomas Quarles, Jr., Bar #2077
                                  Matthew R. Johnson, Bar #13076
                                  111 Amherst Street
                                  Manchester, NH  03101
                                  Phone:  (603) 669-1000
                                  Fax:  (603) 666-4288
                                  tquarles@devinemillimet.com

**CERTIFICATE OF SERVICE**

      I, Matthew R. Johnson, Esquire, hereby certify that I caused the foregoing Motion to Continue Trial and Associated Dates to be served upon the following via electronic transmission in accordance with the Court's Administrative Procedures for Electronic Case Filing on December 7, 2009.

K. William Clauson, Esquire
Clauson Atwood & Spaneas
Ten Buck Road
Hanover, NH 03755

Kevin Murphy, Esquire
Frommer Lawrence & Haug, LLP
745 Fifth Avenue
New York, NY 10151

Charles J. Raubicheck
Frommer Lawrence & Haug, LLP
745 Fifth Avenue
New York, NY 10151

       /s/ Matthew R. Johnson_____
Thomas Quarles, Jr., Bar #2077
Matthew R. Johnson, Bar #13076
111 Amherst Street
Manchester, NH 03101
Phone: (603) 669-1000
Fax: (603) 666-4822
tquarles@devinemillimet.com

J:\WDOX\DOCS\CLIENTS\018067\080552\M1508855.DOC