UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Christina M. Porter, et al.

    v.                                    Civil No. 07-cv-28-JL

Dartmouth College, et al.


**ORDER**

In this wrongful death action arising from a college student's fatal skiing accident at the Dartmouth Skiway, defendant Dartmouth College has moved to strike as untimely two supplemental reports issued by the plaintiffs' liability expert, Stanley Gale. See Fed. R. Civ. P. 37(c)(1) (providing for the exclusion of expert opinions not produced or supplemented in a timely manner under Fed. R. Civ. P. 26 "unless the failure was substantially justified or is harmless"). After reviewing the parties' submissions and holding oral argument in chambers,[1] this court concludes that both of Gale's supplemental reports were timely under Rule 26 and therefore denies the motion.

As to the first supplemental report, the court imposed a deadline of October 1, 2008,[2] which the parties privately agreed to extend to October 4, 2008. At the last minute, Dartmouth sent

---

[1] By agreement of the parties, the in-chambers argument was not transcribed or recorded.

[2] Order dated May 27, 2008 (Muirhead, M.J.).

an email that (perhaps unintentionally) gave the plaintiffs legitimate reason to believe that they could take an additional week to produce the report.  The plaintiffs ultimately produced it on October 8, 2008, within that additional week and thus in a timely manner.  <u>See</u> Fed. R. Civ. P. 26(a)(2)(C) and 29(b) (allowing parties to extend expert disclosure deadlines by agreement).  As to the second report, the court imposed a deadline of February 1, 2009,[3] which the parties privately agreed to extend to February 9, 2009.  The plaintiffs produced the report on February 6, 2009, clearly meeting that deadline as well.

    Dartmouth argues that, even if the supplemental reports were timely, some of Gale's specific opinions could have and should have been expressed in an earlier report and therefore should be stricken under Rule 37(c)(1).  This court will address each category of opinions separately:

    <u>Opinions based on site visit</u>.  Dartmouth argues that Gale's opinions based on his site visit to the Dartmouth Skiway in January 2009 should have been expressed in his initial report (issued in July 2008) because Gale visited the Skiway in connection with a different case the prior year.  This argument

---

[3]Order dated Oct. 3, 2008 (Barbadoro, D.J.).

has no merit.  The parties agreed that Gale could conduct another site visit in January 2009 focused specifically on the facts of this case.  Indeed, that is why they jointly asked the court to extend the supplementation deadlines to February 2009 "to accommodate expert discovery."[4]  In the meantime, Gale was not required to offer speculative opinions based on his earlier site visit in an unrelated case.

Dartmouth also argues that Gale could have formed his opinions based on trail maps, photographs, and other materials available at the time of his initial report, without waiting for the site visit.  But reviewing trail maps and photographs is no substitute for inspecting the terrain firsthand, particularly for an expert to whom particular details might have great significance.  This court has no reason to doubt that Gale based the new opinions in his February 2009 report on new observations made during his site visit, which neither were nor should have been apparent to him at the time of his initial report.  His opinions were therefore timely.

<u>Opinions about equipment</u>.  Similarly, Dartmouth argues that Gale's opinions relating to the ski equipment worn in the fatal accident should have been expressed in his initial report.  This

---

[4]Document no. 32.

argument lacks merit for essentially the same reasons.  The parties arranged for Gale to view the equipment remotely before his October 2008 report and then to inspect the equipment in person during his site visit in January 2009.  Gale issued reports in a timely manner after each inspection, expressing opinions based on his observations.  This court has no reason to believe that he could or should have formed those opinions any earlier.

Opinions responding to depositions.  Dartmouth argues that Gale should have responded to certain deposition testimony (by witnesses Simon Mayer and Roger Demment) in his October 2008 report, not his February 2009 report, because the depositions occurred in September 2008.  Of all the issues raised by Dartmouth's motion, this is probably the closest call, because the parties appear to have agreed that Gale would respond to the depositions in his October 2008 report.  But the record indicates that he finished drafting that report just days after the depositions, leaving insufficient time for him to review and respond fully to the new testimony.  Moreover, by that point, the court had already extended the final supplementation deadline to February 2009 at the parties' request.[5]  This court cannot fault

---

[5]Order dated Oct. 3, 2008 (Barbadoro, D.J.).

the plaintiffs for waiting until Gale's final report, issued less than four months later, to provide a full response to the deposition testimony.

Dartmouth also argues that the plaintiffs waited too long to request the depositions, thereby preventing Gale from responding to them in an earlier report. But the plaintiffs requested the depositions two months after learning about the witnesses' potential significance, and the depositions (one of which required a subpoena) occurred two months after that. Discovery remained open throughout that period. While Dartmouth may have preferred a tighter time frame, the court cannot conclude from this record that the plaintiffs unreasonably delayed in requesting the depositions.

Having analyzed each category of opinions that Dartmouth challenges,[6] this court concludes that all of them were timely under Rule 26. Moreover, even if some of them were untimely, sanctions would be inappropriate under Rule 37(c)(1) because any delays were both substantially justified (for the reasons set forth in this order) and harmless. The plaintiffs produced Gale's final report before Dartmouth's expert supplementation deadline, before the end of discovery, and nearly a full year

---

[6] During oral argument in chambers, Dartmouth voluntarily withdrew its challenge to another category of opinions--Gale's rebuttal of Dartmouth's liability expert.

before trial.  Dartmouth had ample time and opportunity to supplement its own expert reports in response to Gale's opinions, or even to seek additional discovery or deadline extensions if necessary.  This is not, as Dartmouth suggests, a case like Macauley v. Anas, 321 F.3d 45 (1st Cir. 2003), where the plaintiff "introduced a new theory of liability only days before the anticipated trial date."  Id. at 52.  Dartmouth received fair warning of Gale's opinions and rebutted them with expert testimony of its own; it has not suffered any "unfair surprise" or "undue prejudice."  Id.

   Finally, Dartmouth argues that some of Gale's opinions, including in particular his opinions about the ski equipment, should be stricken as irrelevant because they go beyond the scope of the plaintiffs' complaint.  It is true that the complaint never expressly mentions ski equipment (other than the absence of a helmet, which is no longer at issue) or various other factual details about which Gale has opined.  The plaintiffs argue, however, that those facts were uncovered through the course of discovery and that their negligence claim, as pled, is broad enough to encompass them.  This court is not persuaded that a motion to strike expert reports is the proper mechanism for resolving the parties' larger dispute about the scope of the

complaint.[7]  The issue is much better suited to a motion in limine, or even a motion for leave to amend the complaint, if the parties wish to go those routes.[8]

Dartmouth's motion to strike[9] is therefore DENIED, for the reasons set forth above.  This denial is without prejudice to future motions regarding the scope of the plaintiffs' claims.  The court cautions, however, that if such motions raise difficult issues or entail extended briefing, they may require a continuance of trial.

---

[7]This is particularly true given that Dartmouth has requested an expedited ruling on this motion in advance of Gale's scheduled deposition on Friday.  In light of this order, the court extends the maximum length of Gale's deposition from seven hours to ten hours.  If the deposition cannot be completed on Friday, the plaintiffs shall make Gale available for a second session on a subsequent date.

[8]While expressing no opinion on the merits of such motions, the court notes that the Civil Rules provide that a district court "should freely give leave [to amend the complaint before trial] when justice so requires."  Fed. R. Civ. P. 15(a)(2); see also ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) (stating that Rule 15 reflects a "liberal amendment policy").  Even at trial, if "a party objects that evidence is not within the issues raised in the pleadings," the court "should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."  Fed. R. Civ. P. 15(b)(1).

[9]Document no. 80.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated:      December 16, 2009

cc:         Charles J. Raubicheck, Esq.
            K. William Clauson, Esq.
            Kevin Murphy, Esq.
            Bradford T. Atwood, Esq.
            Matthew R. Johnson, Esq.
            Thomas B.S. Quarles, Jr., Esq.