UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
Christina Margaret Porter, et al.    \*
  Plaintiffs    \*
v.    \*
                                \*    Civil No: 07-cv-28-JL
Dartmouth College, et al.    \*
  Defendants    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DEFECTIVE SKI EQUIPMENT CLAIMS BASED UPON LIABILITY RELEASE

NOW COMES the Defendant, Dartmouth College ("Dartmouth"), by and through its attorneys, Devine, Millimet and Branch, P. A., and submits the following Motion in Limine to Exclude Opinions and Claims Based Upon Liability Release. In support thereof, the Defendant states as follows:

    1.    On May 1, 2009, Dartmouth filed a Motion for Summary Judgment Based on Liability Release (Document 44 with attachments). In that motion, Dartmouth argued that the Plaintiffs' claims were barred by the Liability Release signed by Ms. Porter.

    2.    In its September 30, 2009 Order (Document 85), this Court (Barbadoro, J.) ruled that the Liability Release signed by Ms. Porter did not bar the Plaintiffs' negligent ski instruction claims against Dartmouth. This Order did not rule on claims or theories relating to defective ski equipment. Dartmouth's present motion addresses Plaintiffs' claims and theories of negligence regarding Dartmouth's rental of allegedly defective ski equipment to Ms. Porter.

    3.    On December 31, 2009, on the eve of trial, the Plaintiff moved to amend their Complaint (Document 95), in part, to add claims based upon defective ski equipment which were not asserted in their initial Complaint, but which were belatedly raised in their liability expert's

reports.[1] In their proposed Amended Complaint, filed with their Motion to Amend, the Plaintiffs admit that "Defendant Dartmouth afforded students, such as Decedent, the option to rent ski equipment for use in the Ski Class." See Proposed Amended Complaint (Document 95-10), ¶16. They go on to allege that "Defendant Dartmouth was negligent in that its employees and/or agents failed to provide Decedent with safe ski equipment." See id. at ¶35.

4. As articulated herein, all of the Plaintiffs' claims relating to Ms. Porter's ski equipment are barred by the Liability Release that Ms. Porter signed before renting her equipment. As such, these claims should be dismissed and the Plaintiffs should be excluded from introducing any evidence or testimony regarding her alleged defective ski equipment.

## STATEMENT OF RELEVANT FACTS

5. At this stage in the proceedings, the parties have stated and restated the general facts involved in this action. For the purposes of this Motion in Limine, Dartmouth relies on facts as stated in its Memorandum of Law in Support of Motion for Summary Judgment Based Upon Liability Release (Document 44-1).

6. For the Court's convenience, however, the Liability Release is attached as Exhibit B and its relevant text is stated below.

> I understand that the sports of skiing, snowboarding, skiboarding, snowshoeing and other sports (collectively "RECREATIONAL SNOW SPORTS") involve inherent and other risks of **INJURY** and **DEATH. I voluntarily agree to expressly assume all risks of injury or death** that may result from these RECREATIONAL SNOW SPORTS, or which relate in any way to the use of this equipment.
>
> . . .

---

[1] Dartmouth incorporates by reference its Motion in Limine to Exclude Opinions and Claims Regarding Alleged Defective Ski Equipment which details the Plaintiffs' claims regarding Ms. Porters' alleged defective ski equipment.

2

> **I AGREE TO RELEASE AND HOLD HARMLESS the equipment rental facility, its employees, owners, affiliates, agents, officers, directors, and the equipment manufacturers and distributors and their successors in interest (collectively "PROVIDERS"), from all liability for injury, death, property loss and damage which results from the equipment user's participation in the RECREATIONAL SNOW SPORTS for which the equipment is provided, or which is related in any way to the use of this equipment, including all liability which results from the *NEGLIGENCE* of PROVIDERS, or any other person or cause.**
>
> I further agree to defend and indemnify PROVIDERS for any loss or damage, including any that results from claims or lawsuits for personal injury, death, and property loss and damage related in any way to the use of this equipment.
>
> . . .

See Ex. B (emphasis in the original).

## ARGUMENT

### I. THE LIABILITY RELEASE BARS ANY DEFECTIVE SKI EQUIPMENT CLAIMS

7. The parties have briefed issues relating to the Liability Release in detail in the pleadings on Dartmouth's previously filed Motion for Summary Judgment Based on Liability Release. Dartmouth's pleadings (Documents 44 (with attachments) and 56 (with attachment)) are incorporated herein by reference. This Court (Barbadoro, J.) denied that motion for two reasons. First, based upon the evidence presented in those pleadings, the Court found that that Liability Release did not release Dartmouth because it was not clear that Ms. Porter "would have understood that Dartmouth, rather than some other entity with whom Dartmouth had contracted, was the equipment rental facility." See Order (Document 85), p. 12. Second, the Court found that the Liability Release was not sufficiently explicit so as to release claims for negligent ski instruction. Id. In that Order, the Court did not issue an opinion as to claims regarding alleged defective ski equipment. Dartmouth asks this Court to reconsider the first holding and rule for

3

the first time that the Plaintiffs' defective ski equipment claims are barred by the Liability Release.

8. In the Liability Release, Ms. Porter released "the equipment rental facility, its employees, owners, [and] affiliates" from "all liability for injury, death, property loss and damage which results from the equipment user's participation in the RECREATIONAL SNOW SPORTS for which the equipment is provided, or which is related in any way to the use of this equipment, including all liability which results from the *NEGLIGENCE* of PROVIDERS, or any other person or cause." See Ex. B.

9. As this Court (Barbadoro, J.) noted, "[a]n exculpatory contract need not specifically identify the defendant by name." Order (Document 85), p. 9 (citing Dean v. McDonald d/b/a Lee USA Speedway, 147 N.H. 263, 270 (2001). The Liability Release in the present case releases "the equipment rental facility, its employees, owners, affiliates, agents, officers, directors, and the equipment manufacturers and distributors and their successors in interest." See Ex. B.

10. In its September 30, 2009 Order, the Court expressed uncertainty as to the identity of "the equipment rental facility."

> Dartmouth asserts in its Reply Memorandum that "there is no entity, other than Dartmouth, that can reasonably be considered the 'equipment rental facility.'" (Def.'s Reply Mem. in Supp. of Mot. for Summ. J., Doc. No. 56, at 4.) However, Dartmouth provides absolutely no support for this proposition. Without such support, I cannot conclude that a reasonable person in Porter's position would have understood that Dartmouth, rather than some other entity with whom Dartmouth had contracted, was the equipment rental facility.

Order, p. 12.

11. The Plaintiffs have never contended that any entity other than Dartmouth rented the ski equipment to Ms. Porter. In addition, the Plaintiffs' have now affirmatively

4

acknowledged that Ms. Porter rented her equipment from Dartmouth.  <u>See</u> Proposed Amended Complaint, ¶¶16, 35 ("Defendant Dartmouth afforded students, such as Decedent, the option to rent ski equipment for use in the Ski Class. . . . Defendant Dartmouth was negligent in that its employees and/or agents failed to provide Decedent with safe ski equipment.").  Therefore, the Plaintiffs concede that Dartmouth is "the equipment rental facility" within the meaning of the Liability Release.

12. Furthermore, on January 19, 2004, Mr. McClintock sent an email titled "IMPORTANT INFORMATION!!!!!!" to students in the Alpine Physical Education Program, including Ms. Porter, who name is found on second to last line of the first page of the printout.  A copy of this email is attached hereto as Exhibit C.  This email informs the students that:

> If you need to rent Downhill equipment, <u>the Physical Education Department has a limited number of units available for the season rental fee of $150.00</u>. Your last opportunity to rent is January 19th from 1:00 to 3:00 PM in Leverone Field House. This will be on a first come, first serve basis until quantities run out.

<u>Id.</u> at p. 2, item 3a (emphasis added.)  This email, together with the signed Liability Release and the fact that she went to a Dartmouth facility and was assisted by Dartmouth students in renting her ski equipment, not manufacturer representatives, show that Ms. Porter and any reasonable person, would be aware that they were renting ski equipment from Dartmouth through the Physical Education Department for her ski lessons.

13. Having overcome the Court's concern that Ms. Porter knew that Dartmouth was "the equipment rental facility," the only remaining issue is whether the language of the Liability Release bars the Plaintiffs' defective ski equipment claims.  In its September, 30, 2009 Order, the Court acknowledged that the Liability Release was intended "to insulate the ski manufacturer and rental facility from claims pertaining to the rental of ski equipment."  Order, p. 16.  Because there is no dispute that Dartmouth was "the equipment rental facility," it follows that the Release

Agreement "insulates" Dartmouth "from claims pertaining to the rental of ski equipment." See id.

14. Additionally, the Court correctly noted, "[t]he first two paragraphs [of the Liability Release] acknowledge that the equipment renter accepts the equipment 'as is,' assumes financial responsibility for the equipment for the duration of the rental period, and understands that the binding system may not guarantee the renter's safety." Id. at p. 5. Therefore, when she rented her ski equipment, Ms. Porter accepted the equipment in its present condition and released Dartmouth from liability for claims relating to that equipment.

15. Finally, the Liability Release unambiguously states that Ms. Porter released Dartmouth from liability for injury or death resulting from her participating in **"the RECREATIONAL SNOW SPORTS for which the equipment [was] provided or which is related in any way to the use of this equipment, including all liability which results from the *NEGLIGENCE* of PROVIDERS, or any other person or cause**." See Ex. B (emphasis and capitalization in original).

16. This release contains the language recognized under New Hampshire law to effectuate a proper liability release for acts of negligence. Cf. McGrath v. SNH Development, Inc., et al., 158 N.H. 540, 547 (2009) (holding that the language of the liability release agreements clearly and specifically indicates the intent to release the defendants from liability for personal injury caused by the defendant's negligence); Dean v. McDonald d/b/a Lee USA Speedway, 147 N.H. 263, 267-68 (2001). The language of the Liability Release "clearly and specifically" releases the Defendants for their negligent acts and is sufficiently "broad" to encompass any number of accidents that may occur while skiing, including injury and death sustained from leaving a trail and hitting trees. See Dean, 147 N.H. at 267-68. As shown in the

6

quotation from the Liability Release, above, word "negligence" is in capital letters and is both italicized and bolded, meeting the requirement that such language is featured prominently in the Liability Release. This language placed Ms. Porter on notice that by signing the Liability Release she was releasing Dartmouth for all claims of negligence regarding her ski equipment.

17. In sum, based upon the plain language of the valid and enforceable Liability Release signed by Ms. Porter, the Plaintiffs' defective ski equipment claims must fail.

18. No Memorandum of Law is included with this Motion, as all necessary legal authority is cited herein.

19. The Plaintiffs do not consent to this Motion.

WHEREFORE, Dartmouth College respectfully requests that this Court:

A. Bar the Plaintiffs' defective ski equipment claims;

B. Exclude the Plaintiffs from making any claim or introducing any evidence of defective ski equipment;

C. Order such other and further relief as may be equitable and just.

Respectfully submitted,

DARTMOUTH COLLEGE

By its attorneys,

DEVINE, MILLIMET & BRANCH, P.A.

Dated: January 11, 2010   By: /s/ Thomas Quarles, Jr.
Thomas Quarles, Jr., Bar #2077
111 Amherst Street
Manchester, NH 03101
Phone: (603) 669-1000
Fax: (603) 666-4288
tquarles@devinemillimet.com

**CERTIFICATE OF SERVICE**

      I, Thomas Quarles, Jr., Esquire hereby certify that on this date, I caused a copy of the foregoing to be served upon the following via electronic transmission in accordance with the Court's Administrative Procedures for Electronic Case Filing.

K. William Clauson, Esquire
Clauson Atwood & Spaneas
Ten Buck Road
Hanover, NH 03755

Charles J. Raubicheck
Frommer Lawrence & Haug, LLP
745 Fifth Avenue
New York, NY 10151

Kevin Murphy, Esquire
Frommer Lawrence & Haug, LLP
745 Fifth Avenue
New York, NY 10151

                                                                        /s/ Thomas Quarles, Jr.
                                                                    Thomas Quarles, Jr., Bar #2077

J:\WDOX\DOCS\CLIENTS\018067\080552\M1530762.DOC