UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Christina M. Porter, et al.</u>

    v.                        Civil No. 07-cv-28-JL

<u>Dartmouth College</u>

**SUMMARY ORDER**

    The plaintiffs in this wrongful death case have moved for leave to amend and supplement their complaint before trial, which is set for next month. Although the deadline for such amendments has expired under the applicable scheduling order,[1] there is good cause to extend the deadline under Fed. R. Civ. P. 16(b)(4). The proposed amendment incorporates a small number of additional factual allegations that the plaintiffs learned through discovery and that arguably fall within the scope of their negligence claim as originally pled. Both parties have known about those factual allegations for quite some time, and they have been the subject of extensive discovery and debate. To put it simply, the plaintiffs' "new" allegations are not really new. Dartmouth has had ample opportunity to prepare a defense against them and, notwithstanding the proximity to trial, will suffer no prejudice from the amendment.

---

    [1]Document no. 17 (establishing a deadline of May 1, 2008).

1

The Federal Rules provide that, when the plaintiffs move to amend their complaint before trial, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); see also ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) (stating that Rule 15 reflects a "liberal amendment policy").  For the reasons discussed above, justice requires an amendment in this case.  This court disagrees with Dartmouth that the proposed amendment would be futile.  While it is possible that the plaintiffs may be limited in how they can present some of their additional factual allegations at trial (depending on the outcome of the various motions in limine currently pending), all of the allegations bear at least some relationship to their claim for negligent instruction and thus cannot be deemed futile.

The plaintiffs' motion for leave to amend and supplement their complaint[2] is therefore GRANTED, without prejudice to excluding any information in the complaint that may be subject to exclusion under the pending motions in limine.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:    January 15, 2010

---

[2]Document no. 95.

```
cc:        Charles J. Raubicheck, Esq.
           Julie Kurzrok, Esq.
           K. William Clauson, Esq.
           Kevin Murphy, Esq.
           Bradford T. Atwood, Esq.
           Matthew R. Johnson, Esq.
           Thomas B.S. Quarles, Jr., Esq.
```